UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JENNIFER BUTLER,
          Appellant,

     v.

DEPARTMENT OF THE TREASURY,
          Agency.

DOCKET NUMBER
AT-0752-24-0022-I-1

DATE:  August 11, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jennifer Butler, Mobile, Alabama, pro se.

Jessica Rice, Aryeh Rosenfield, and Javon Coatie, Atlanta, Georgia,
    for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal from her position as a GS-11 Investigative Analyst. Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the initial decision's analysis of the absence without leave charge and the appellant's failure to accommodate affirmative defense, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed as a GS-11 Investigative Analyst with the agency's Internal Revenue Service (IRS) in Mobile, Alabama. Initial Appeal File (IAF), Tab 4 at 8. By letter dated June 15, 2023, the agency proposed her removal from Federal service based on the following charges: (1) absent without leave (AWOL), supported by 22 specifications; (2) failing to follow a management directive; (3) failing to accurately state her federal tax liability; and (4) failing to timely pay her federal tax liability by the applicable due date. *Id.* at 48-52. Each specification of the AWOL charge related to the appellant's absence from work during the 22 pay periods from August 15, 2022, to June 16, 2023. *Id.* at 48-50. The failing to follow a management directive charge pertained to the appellant's failure to report to duty by December 27, 2022, or provide medical documentation to substantiate her continued absences, as instructed. *Id.* at 50. On August 10, 2023, after the appellant responded to the proposed removal, the deciding official issued a decision sustaining all charges and removing her from Federal service effective August 16, 2023. *Id.* at 8-18.

The appellant timely filed an appeal of the removal decision alleging that the agency committed harmful procedural error, retaliated against her for her protected equal employment opportunity (EEO) activity, and failed to provide a reasonable accommodation for her disability. IAF, Tab 1, Tab 21 at 5-17. After holding the appellant's requested hearing, the administrative judge issued an initial decision affirming the agency's removal action. IAF, Tab 28, Initial Decision (ID) at 1, 13. Specifically, she sustained all the agency's charges, concluded that the agency established a nexus between the charged misconduct and the efficiency of the service, and determined that the removal penalty was reasonable under the circumstances. ID at 6-7, 12-13. She also found that the appellant failed to prove her affirmative defenses. ID at 8-12.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition for review. PFR File, Tab 3. The appellant has filed a reply to the agency's response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly found that the agency proved its charges.

*Charge 1: AWOL*

To prove an AWOL charge, an agency must demonstrate that the employee was absent without authorization and, if the employee requested leave, that the request was properly denied. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 28 n.5 (2015), *overruled in part on other grounds by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25; *see also Wilson v. Small Business Administration*, 2024 MSPB 3, ¶ 7. Additionally, while it is well settled that the decision to grant leave without pay (LWOP) is within an agency's discretion, where disciplinary action results because LWOP is denied and the employee is placed on AWOL, the Board will review the circumstances to determine if the denial was reasonable. *Joyner v. Department of the Navy*,

57 M.S.P.R. 154, 159 (1993); *see Sambrano v. Department of Defense*, 116 M.S.P.R. 449, ¶ 4 (2011).

In the initial decision, the administrative judge found that it was undisputed that the appellant was absent on the dates charged. ID at 3-5. She further found that those absences were unauthorized and that the agency properly denied her leave. ID at 3-6. On review, the appellant argues that the administrative judge erred in sustaining the AWOL charge because, according to her, IRS policy and guidance from the Office of Personnel Management provide that Executive Order 5396 entitled her to LWOP. PFR File, Tab 1 at 9-12. In support of her argument, she asserts that under Executive Order 5396, "[a]ll [she has] to do is give [her supervisor] proper notice which [she] did." IAF, Tab 26 at 47-49. We disagree with the appellant's interpretation of the order.

Executive Order 5396 gives disabled veterans a right to take LWOP for necessary medical treatment only if the employee gives prior notice *and* provides appropriate medical documentation. *See Davison v. Department of Veterans Affairs*, 115 M.S.P.R. 640, ¶ 8 (2011). Although the record shows that the appellant gave prior notice of her LWOP requests, it does not show that she provided medical documentation supporting her absences during the AWOL period, from August 15, 2022, through June 16, 2023. ID at 5; IAF, Tab 26 at 46-51, 59-74, 78-79. Notably, the appellant concedes in her testimony that she only submitted medical documentation to her leadership on July 11, 2022, IAF, Tab 27-5, Hearing Transcript (HT) (testimony of the appellant), and, as relevant here, the documentation states that she could return to work that same day, IAF, Tab 26 at 21. Consequently, because the appellant failed to provide appropriate medical documentation for the period at issue, she was not entitled to LWOP under Executive Order 5396.

Looking beyond Executive Order 5396, the appellant otherwise suggests that the administrative judge erred in finding that the agency was reasonable to deny her request for LWOP in lieu of AWOL. PFR File, Tab 1 at 9-12. We agree

with the administrative judge's conclusion to the contrary, as modified to supplement her analysis.

Before recording the appellant as AWOL, the agency approved her use of LWOP from May 5, through July 8, 2022, and again from August 9, through August 13, 2022. IAF, Tab 26 at 75. In June 2022, it provisionally granted the appellant's LWOP request but directed her to submit medical documentation identifying that she was incapacitated for duty, the dates of her incapacity, and her expected recovery date. *Id.* at 8. At that time, and again on later dates, the agency explained that her absence was a burden, as it could not rely on her attendance and had to reassign her work. *Id.* at 8, 75. It also advised that, absent such documentation, it would record her absences as sick leave, annual leave, or AWOL, as appropriate. *Id.* at 19. The agency further warned that AWOL may serve "as the basis for disciplinary action up to and including removal from the Service." *Id.* at 8, 19, 75.

The agency's request for additional medical documentation was reasonably necessary to determine whether to approve LWOP. *See generally* 29 C.F.R. § 1630.14(c); *cf. Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 21 (2014). The appellant refused to provide it, asserting that the medical information she submitted during the reasonable accommodation process already established a long-term impairment. IAF, Tab 26 at 47-49. That documentation, however, did not establish her entitlement to LWOP under Executive Order 5396, and it did not adequately explain her need for continued leave during the relevant period. IAF, Tab 21 at 39-42. By refusing to provide the requested documentation, she failed to give the agency the information it needed to approve LWOP. Considering the circumstances, we find that the agency properly denied her request.

*Charge 2: Failure to Follow a Management Directive*

Under the failure to follow a management directive charge, the agency alleged that the appellant failed to either report for duty or provide medical

documentation to substantiate her continued absences. IAF, Tab 4 at 50. As the administrative judge correctly noted, an agency may prove a charge of failure to follow instructions by establishing that (1) the employee was given a proper instruction and (2) she failed to follow the instruction, without regard to whether the failure was intentional or unintentional. *Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 5 (2014). In sustaining the charge, the administrative judge found it undisputed that the agency issued the management directive, yet the appellant neither responded nor returned to work.[2] ID at 6. On review, the appellant argues that the administrative judge made false statements of material facts in sustaining the charge because she did respond. PFR File, Tab 1 at 12-13. In particular, she contends that she "reported her serious medical issues" and requested to be carried in LWOP status while she applied for disability retirement as allowed by the agency's policy. *Id.* We are not persuaded by the appellant's argument.

Here, the agency's December 15, 2022 directive required the appellant to return to work by December 27, 2022, and to notify her leadership of any decisions she made regarding returning to work, resignation, or retirement by December 23, 2022. IAF, Tab 26 at 75-76. It is undisputed that the appellant did not return to work as instructed. ID at 6. While it appears that the appellant responded to the agency's directive on December 22, 2022, her response did not comply with the agency's directive. IAF, Tab 26 at 89. Instead, the appellant simply made another request for LWOP without supporting medical

---

[2] The administrative judge found that the agency's return to duty letter did not direct the appellant to submit additional medical documentation. ID at 6. While the letter did not explicitly direct the appellant to do so, it did advise the appellant that she "will continue to be charged AWOL until [she] return[s] to work or provide[s] acceptable medical documentation." IAF, Tab 4 at 43. To the extent that the administrative judge erred, we find that it was not prejudicial to the appellant's substantive rights. Therefore, it provides no basis for reversal of an initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (observing that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

documentation. *Id.* at 88-89. Based on the foregoing, we agree with the administrative judge's decision to sustain the failure to follow a management directive charge.

*Charges 3 and 4: Failure to Accurately State and Timely Pay Federal Tax Liability*

Under the remaining charges, the agency alleged that the appellant understated her 2018 Federal income tax liability by $2,583 and failed to pay her liability by April 15, 2019. IAF, Tab 4 at 50. The administrative judge sustained the charges finding that the agency proved that the appellant's tax liability occurred and she failed to pay it. ID at 6-7. In so finding, the administrative judge considered the tax account transcripts and the Human Resources Specialist's testimony substantiating the agency's claim. *Id.* On review, the appellant argues that the agency should not have brought tax charges against her because, according to her, the Criminal Investigation (CI) Disciplinary Board Chair did not recommend that any such charges be brought. PFR File, Tab 1 at 7-8. However, the record reflects that the CI Disciplinary Board only determined that the appellant did not willfully violate her legal duty with respect to her tax liability. IAF, Tab 21 at 435. The appellant has not adequately explained why that determination would preclude the agency's tax-related charges. Accordingly, we agree with the administrative judge's decision to sustain the same.

## We affirm, as modified, the administrative judge's finding that the appellant failed to prove her affirmative defenses.

The administrative judge concluded that the appellant did not prove her affirmative defenses of harmful procedural error, retaliation for EEO activity, and failure to provide a reasonable accommodation. ID at 8-12. On review, the appellant contends that the administrative judge erred in interpreting and applying the law to the facts of her case in finding that she did not prove that the agency committed harmful errors in removing her from Federal service. PFR File, Tab 1

at 4-8. Specifically, she reasserts that the agency committed harmful error by (1) violating the statute of limitations for tax audits, (2) using Wikisource.org to effectuate her removal, and (3) violating its policy on tax charges and delegation of authority.

Pursuant to 5 U.S.C. § 7701(c)(2)(A), the Board will not sustain an agency's decision if the appellant "shows harmful error in the application of the agency's procedures in arriving at such decision." A procedural error is harmful where the record shows that an error by the agency was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 10 (2015); 5 C.F.R. § 1201.4(r). An appellant bears the burden of proving, by preponderant evidence, that the agency committed harmful error in reaching its decision. *Pumphrey*, 122 M.S.P.R. 186, ¶ 10. For the reasons set forth in the initial decision, we are not persuaded by the appellant's claim of harmful procedural errors. The appellant's arguments reflect disagreement with the initial decision, but they do not warrant a different result. *See Yang v. U.S. Postal Service*, 115 M.S.P.R. 112, ¶ 12 (2010) (arguments that constitute mere disagreement with the initial decision do not provide a basis to grant the petition for review); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

On review, the appellant does not challenge the administrative judge's finding that she did not prove her claim that the agency engaged in disability discrimination through a failure to accommodate. Although we agree with the administrative judge's conclusion, we supplement her analysis to find that the appellant failed to prove that she was an otherwise qualified individual with a disability.

To prevail on a claim of disability discrimination, an appellant must prove that she was a "qualified individual" with a disability. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28. A qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires" with or without reasonable accommodation. *Id.*; 42 U.S.C. § 12111(8). It is the appellant's burden to show that she is qualified individual. *Haas*, 2022 MSPB 36, ¶ 28. Here, the evidence indicates that the appellant cannot perform the essential functions of her position, and she does not provide any evidence or argument to the contrary. IAF, Tab 26 at 123-26. As the administrative judge pointed out, the appellant's medical documentation dated March 21, 2024, still reflects that she is unable to return to duty. ID at 5; IAF, Tab 21 at 26-29.

To the extent that the appellant argues that the agency improperly denied her LWOP as a reasonable accommodation, we are not persuaded. Leave may be a form of reasonable accommodation in appropriate circumstances. Equal Employment Opportunity Commission (EEOC), Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the ADA, Types of Reasonable Accommodations Related to Job Performance, Leave, Notice No. 915.002 (Oct. 17, 2002). However, the purpose of a reasonable accommodation is to assist an individual with their disability and enable them to perform the essential functions of their position. 29 C.F.R. § 1630.2(o)(1)(ii). Here, it is undisputed that the appellant did not have an expected return to work date due to her medical condition at the time of the removal decision. IAF, Tab 26 at 89; *see Bologna v. Department of Defense*, 73 M.S.P.R. 110, 114-16, *aff'd*, 135 F.3d 774 (Fed. Cir. 1997) (Table) (explaining that an agency may properly deny an employee's LWOP request when there is no foreseeable end in sight to his absences and those absences are a burden on the agency). She also has not explained, and we cannot discern from the record, how her request for extended LWOP would enable her to perform the essential functions of her position. *See*

*Hilda H. v. Department of Veterans Affairs*, EEOC Appeal No. 0120162443, 2018 WL 1392246, at *4 (Mar. 6, 2018) (stating that LWOP for an indefinite period of time with absolutely no indication that one will or could return is not an accommodation contemplated under the Rehabilitation Act). Thus, she has not shown that she was a "qualified individual" with a disability, and she has not proven her failure to accommodate claim. *See Haas*, 2022 MSPB 36, ¶ 28.

<u>The administrative judge correctly found that the agency proved a nexus between the appellant's misconduct and the efficiency of the service, and that the penalty of removal was reasonable.</u>

In addition to proving the charges by preponderant evidence, the agency must also establish the existence of a nexus between the charged misconduct and the efficiency of the service, and that the penalty of removal is reasonable. 5 U.S.C. § 7513(a); *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 18 (2013); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306-07 (1981). Nexus may be established by showing that the employee's conduct (1) affected her or her coworkers' performance, (2) affected management's trust and confidence in the employee's job performance, or (3) interfered with or adversely affected the agency's mission. *See Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 11 (2010). Nexus may also be established when the conduct occurred on agency premises while the appellant was on duty. *See Arena v. U.S. Postal Service*, 121 M.S.P.R. 125, ¶¶ 2, 5 (2014), *aff'd per curium*, 617 F. App'x 996 (Fed. Cir. 2015).

Here, the administrative judge concluded that the agency established nexus, finding that the charges affected or occurred during duty hours. ID at 7. On review, the appellant asserts that there is no proof that her taxes affected her behavior or work. PFR File, Tab 1 at 9. She also asserts that her absence only became an issue after she requested disability retirement leave. *Id.* Her argument is unavailing. The Board has held that sustained charges of AWOL and failure to follow instructions are inherently connected to the efficiency of the service. *See*

*Archerda*, 121 M.S.P.R. 314, ¶ 24; *Adams v. Department of Labor*, 112 M.S.P.R. 288, ¶ 8 (2009). The Board has similarly held that the requisite nexus exists in tax-related misconduct cases such as this. *Crawford v. Department of the Treasury*, 56 M.S.P.R. 224, 237 (1993). Thus, the administrative judge properly found that the agency established nexus between the sustained charges and the efficiency of the service. ID at 7.

Regarding the penalty, the appellant argues that the agency's action should be reversed because it failed to prove its charges and turned mitigating factors into aggravating factors. PFR File, Tab 1 at 13. When all of the agency's charges are sustained, as they are here, the Board will review the agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Powell*, 122 M.S.P.R. 60, ¶ 12. In making this determination, the Board must give weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to ensure that managerial judgment has been properly exercised. *Id.* The Board will modify or mitigate an agency-imposed penalty only when it finds that the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness. *Id.*; *see Stuhlmacher v. U.S. Postal Service*, 89 M.S.P.R. 272, ¶ 20 (2001).

Here, despite the appellant's assertion otherwise, we agree with the administrative judge's finding that the record reflects that the deciding official considered all the relevant factors in reaching his decision to sustain the removal action. ID at 12-13; HR (testimony of the deciding official); IAF, Tab 4 at 10-12. As the administrative judge noted, the deciding official testified that the appellant's lengthy absence had a significant impact on the group and he considered her charges to be a second offense based on her prior discipline. ID at 12; HT (testimony of the deciding official). The deciding official also determined that the appellant could not be rehabilitated and no lesser penalty

would suffice.  ID at 12; HT (testimony of the deciding official).  Based on our review of the record, we agree with the administrative judge that the agency's decision to remove the appellant is reasonable for the sustained charges.

### NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.